**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRELL J. MOORE, Sr., | No. 13-55396 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-03391-GW-CW |
| v. | |
| RUDOLF MONTIEL, as Chief of the Housing Authority of the City of Los Angeles; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted April 7, 2015[**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Darrell J. Moore, Sr., appeals pro se from the district court's judgment in his employment action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We may affirm on any basis fairly supported by the record, *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007), and we affirm.

The district court properly dismissed as time-barred Moore's conspiracy and retaliation claims because the harms alleged in the complaint occurred more than two years before Moore filed his action. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury action); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (applying California's statute of limitations for personal injury torts to § 1983 and § 1985 claims).

The district court properly dismissed Moore's damages claim against Judge Jones on the basis of judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). To the extent Moore alleged claims for declaratory relief concerning Judge Jones's state court ruling on demurrer, dismissal of the claim was proper because it is barred by the *Rooker–Feldman* doctrine. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) ("The clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a

state court judgment based on that decision[.]" (internal citation and quotation marks omitted)).

The district court did not abuse its discretion by denying Moore leave to amend his complaint because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation and internal marks omitted)).

We reject Moore's contentions concerning bias of the district court judge, denial of access to courts, and California's anti-SLAPP statute.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Appellees AFSCME and Sylvena Parker's motion to take judicial notice, filed on October 21, 2013, is denied as unnecessary.

**AFFIRMED.**

13-55396